UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Pier M. Angeli,    Case No. 05-79020
                   Chapter 7
       Debtor.    Hon. Phillip J. Shefferly
_____/

Butzel Long, P.C.,

       Plaintiff,

vs.    Adv. Proc. No. 06-4353

Pier Angeli,

       Defendant.
_____/

**OPINION DETERMINING NON-DISCHARGEABILITY OF DEBT**

I. Introduction

The Plaintiff brought this adversary proceeding to determine whether an award of attorney fees against the Debtor in a divorce proceeding in state court is non-dischargeable in the Debtor's bankruptcy case under § 523(a)(5) or (15). The parties have stipulated to the facts. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Based on the stipulation of facts between the parties, for the reasons set forth in this opinion, the Court holds the award of attorney fees is a non-dischargeable debt.

II. Facts

Debra and Pier Angeli were married. The Oakland County Circuit Court entered a judgment of divorce on February 16, 2001. On February 10, 2003, the Oakland County Circuit Court rendered an Opinion and Order of the Court Regarding Plaintiff's Motion for Attorney Fees. In its Opinion

and Order, the Oakland County Circuit Court granted the motion of Debra Angeli, the plaintiff, for an award of attorney fees to compensate her for the fees she was "forced to incur" as a result of nine separate motions that she had to file to seek enforcement of the divorce judgment. The Opinion and Order awarded Debra Angeli fees and costs in the amount of $16,869.08 payable to Debra Angeli's attorney.

On October 8, 2003, the Oakland County Circuit Court rendered a second Opinion and Order of the Court Regarding Plaintiff's Motion for Attorney Fees. This second Opinion and Order acknowledged the existence of the February 10, 2003 Opinion and Order but went on to explain that Debra Angeli had subsequently filed a second motion seeking compensation for additional attorney fees that she incurred in bringing further proceedings before the Oakland County Circuit Court to enforce the judgment of divorce. The Oakland County Circuit Court cited several Michigan state court opinions, which provide authority for the Oakland County Circuit Court to award Debra Angeli attorney fees that she was "forced to incur" as a result of Pier Angeli's unreasonable conduct in the course of the divorce litigation. In this second Opinion and Order, the Oakland County Circuit Court awarded attorney fees and costs in the amount of $16,148.71 to Debra Angeli, again payable to her attorney. The Oakland County Circuit Court made clear that this award of $16,148.71 was in addition to the prior award of $16,869.08.

On October 11, 2005, Pier Angeli filed a Chapter 7 bankruptcy case. On February 17, 2006, Butzel Long, P.C., the law firm representing Debra Angeli in Oakland County Circuit Court, filed this adversary proceeding alleging that the two awards of attorney fees to Debra Angeli by the Oakland

County Circuit Court, aggregating the sum of $32,946.91, constitute a non-dischargeable debt.[1] On May 21, 2007, the parties stipulated to the entry of a Joint Final Pre-Trial Order. The Joint Final Pre-Trial Order states that the Plaintiff's action was brought under § 523(a)(5) and (15). Further, it provides a stipulation of three facts. Those three facts essentially consist of the entry of the judgment of divorce on February 16, 2001, the Opinion and Order dated February 10, 2003, and the Opinion and Order dated October 8, 2003. The stipulation of facts contained in the Joint Final Pre-Trial Order prepared by the parties does not say anything else about these three documents but simply lists them under "stipulation of facts."

The adversary proceeding was scheduled for trial on May 30, 2007. At the commencement of the trial, the parties informed the Court that they had reached an additional stipulation of facts and that they would not be introducing any live testimony or other exhibits into the record that day. The parties described the stipulation that they had reached by reciting on the record that they agreed that out of the two attorney fee awards by the Oakland County Circuit Court, Debra Angeli incurred $26,000 to compel the Debtor to pay alimony, maintenance and support under the judgment of divorce. Essentially, the parties had agreed to liquidate at $26,000 that portion of the attorney fees awarded by the Oakland County Circuit Court that is allocable to alimony, maintenance and support. The Court then inquired as to whether the parties had any outstanding factual disputes. The parties replied that they had none. The Court further inquired as to whether they wished to introduce into evidence any other facts that might be necessary for the Court to adjudicate all of the issues in this adversary proceeding. Both parties responded that they did not believe that there were any other facts

---

[1] The Debtor did not challenge the Plaintiff's standing to bring this adversary proceeding seeking a determination that his debt to Debra Angeli is non-dischargeable.

that needed to be introduced into the record in order to enable this Court to adjudicate the adversary proceeding. Although the Debtor's trial brief, having been filed two hours before trial was to commence, was untimely under L.B.R. 7016-1(b)(13), the Court waived the local rule to allow the pleading, and gave the Plaintiff the opportunity to file a response brief to address the application of the law to the stipulated facts. The Court also permitted the Debtor until June 13, 2007 to file a reply brief. Finally, the parties informed the Court that they would reduce to writing the stipulation of facts they had recited on the record.

On June 1, 2007, the parties filed a paper entitled "Stipulated Fact Regarding Amount and Nature of Attorney Fees," which states as follows:

> As reported to the Court on May 30, 2007, the parties stipulate that:
>
> $26,000 in attorney fees was incurred by Plaintiff Butzel Long, P.C. to compel payment of alimony, maintenance, and support from Defendant Pier Angeli for his spouse and children in connection with a Judgment of Divorce.

(Docket No. 34.) The Plaintiff filed a response to the Debtor's trial brief on June 5, 2007. The Debtor did not file a reply brief by the June 13, 2007 deadline.[2]

### III. Discussion

The legal issue before this Court is whether the indebtedness described in the "Stipulated Fact" is a non-dischargeable debt under either § 523(a)(5) or (a)(15) of the Bankruptcy Code.

---

[2] On July 2, 2007, the Debtor filed a pleading entitled Trial Brief, Proposed Findings of Fact and Conclusions of Law (Docket No. 37). The filing of this pleading is improper for several reasons. First, the Debtor did not seek leave of the Court to file this pleading after the June 13, 2007 deadline expired. Second, the Debtor had already filed a trial brief, and was permitted at trial only to file a *reply* to the Plaintiff's response to his trial brief. Third, this pleading raises a new legal issue. The time to raise legal issues was when the parties drafted the Joint Final Pre-Trial Order, or at the latest, at trial, not more than a month after trial. Finally, the Court has considered the argument raised by the Debtor, and concludes that it does not change the result reached in this opinion. The Court will strike Docket No. 37 by separate order.

-4-

Because the Debtor filed this bankruptcy case on October 11, 2005, it is governed by the provisions of § 523(a)(5) and (a)(15) as they existed prior to BAPCPA.[3] Those provisions each create an exception to an individual's discharge in Chapter 7. Under § 523(a)(5), an individual is not discharged from a debt

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement . . . .

Under § 523(a)(15), an individual is not discharged from a debt

> not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless –
> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor . . . .

The Plaintiff first asserts that the attorney fees are non-dischargeable under § 523(a)(5) because, according to the "Stipulated Fact," these fees were incurred "to compel payment of alimony, maintenance and support." Therefore, the Plaintiff argues that these fees do constitute a debt to Debra Angeli "for alimony to, maintenance for, or support of" Debra Angeli within the language of § 523(a)(5). The Debtor argues that the attorney fees themselves do not constitute a debt "for

---

[3] The Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) is effective for cases filed on or after October 17, 2005.

-5-

alimony to, maintenance for, or support of" Debra Angeli and are therefore not within § 523(a)(5). Instead, the Debtor asserts that the attorney fees were "incurred" by the Debtor "in the course of a divorce" and therefore must be considered by this Court only under § 523(a)(15). The Debtor asserts that while these attorney fees may be a debt of a kind within § 523(a)(15), this Court should ultimately find under § 523(a)(15)(A) that these attorney fees are dischargeable because the Debtor does not have the ability to pay them from income or property not reasonably necessary to be expended for his own support. The Plaintiff responds that if the attorney fees are not excepted from discharge under § 523(a)(5), but instead are to be considered under § 523(a)(15), then the Court should still determine the attorney fees to be non-dischargeable because the Debtor has not met his burden of proof to demonstrate the application of § 523(a)(15)(A).

The Court will first address § 523(a)(5). In determining whether a debt "is actually in the nature of alimony, maintenance, or support," courts within the Sixth Circuit Court of Appeals must determine whether the state court "intended to create an obligation to provide support." Long v. Calhoun (In re Calhoun), 715 F.2d 1103, 1109 (6th Cir. 1983) (emphasis omitted). In doing so, the Court should first look to the label and structure of the award. See Sorah v. Sorah (In re Sorah), 163 F.3d 397, 401-02 (6th Cir.1998) (citing Fitzgerald v. Fitzgerald (In re Fitzgerald), 9 F.3d 517 (6th Cir.1993)).

The two Opinions and Orders of the Oakland County Circuit Court do not label the awards as support or make any reference to support. Instead, the court made repeated references to Debra Angeli having been "forced to incur" the attorney fees based on the Debtor's "unreasonable actions" and "unreasonable conduct" in his "failure to comply" with the judgment of divorce. The court found that the award of attorney fees to Debra Angeli was authorized under Michigan case law, citing in

-6-

part <u>Stackhouse v. Stackhouse</u>, 484 N.W.2d 723 (Mich. Ct. App. 1992). In <u>Stackhouse</u>, the Michigan Court of Appeals addressed an award of attorney fees in a divorce action. The court held that Mich. Comp. Laws Ann. § 552.13 provides for the award of attorney fees when "financial assistance is necessary to enable the other party to defend or prosecute the action." <u>Id.</u> at 727. An award of fees may be proper due to the unreasonable conduct of the other party. Any award of fees must be necessary and reasonable. <u>Id.</u> (citation omitted). Although the defendant in that case challenged the fees as unnecessary, the <u>Stackhouse</u> court upheld the award of fees "in light of the trial court's findings regarding plaintiff's income . . . ." <u>Id.</u>

A fair reading of the Oakland County Circuit Court's citation to <u>Stackhouse</u> as authority for the award of fees is that the court determined that Debra Angeli needed financial assistance to enable her to prosecute the action and compel the Debtor to comply with the judgment of divorce. The "Stipulated Fact" establishes that Debra Angeli incurred $26,000 of those attorney fees to "compel payment of alimony, maintenance, and support" and that they were not incurred for some other purpose.

This reading is consistent with the analysis of the court in <u>Goans v. Goans</u> (<u>In re Goans</u>), 271 B.R. 528 (Bankr. E.D. Mich. 2001). The court there considered whether an award of attorney fees in a divorce judgment is non-dischargeable under § 523(a)(5). In reviewing Michigan law regarding attorney fee awards in divorce cases, the court explained that, "[i]n Michigan, attorney fees in a divorce action are awarded only if necessary to enable a party to prosecute or defend a suit. 'A party may not be required to invade her assets to satisfy attorney fees when she is relying on the same assets for her support.'" 271 B.R. at 534 (quoting <u>Maake v. Maake</u>, 503 N.W. 2d 664, 668 (Mich. Ct. App. 1993) and citing Mich. Ct. R. 3.206(C)(2)); <u>see also</u> <u>Ker v. Ker</u> (<u>In re Ker</u>), ___ B.R. ____, No. 05-

2437, 2007 WL 949799 (Bankr. S.D. Ohio, Mar. 30, 2007) (discussing the non-dischargeability of an award of attorney fees in connection with a divorce decree and holding that such attorney fees are in the nature of support and therefore non-dischargeable under § 523(a)(5) and the Sixth Circuit's Calhoun test).

The Court concludes that the attorney fees owing by the Debtor to Debra Angeli are in the nature of support and therefore constitute a non-dischargeable debt under § 523(a)(5).

Even if the Court were to agree with the Debtor that the attorney fees are not excepted from discharge under § 523(a)(5), and instead must only be considered under § 523(a)(15), the Plaintiff still prevails. Although § 523(a)(5) excepts from discharge marital obligations of a debtor where the obligation owed is "actually in the nature of alimony, maintenance or support," § 523(a)(15) creates an exception to discharge for certain other marital obligations that are not "actually in the nature of alimony, maintenance or support of a spouse." For example, property settlement awards that are not in the nature of alimony, maintenance or support, and therefore not excepted from discharge under § 523(a)(5), may still be excepted from discharge under § 523(a)(15) if they are "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court . . . ." However, when Congress added § 523(a)(15) to the Bankruptcy Code as an additional exception to discharge in 1994, it provided in subparagraph (A) a defense for a debtor if the debtor does not have the ability to pay such debt from income or property not reasonably necessary to support of such debtor. Subparagraph (B) provides a second defense for a debtor if discharging the debt would result in a benefit to the debtor that outweighs the detrimental

consequences to the debtor's former spouse or child.[4] Under § 523(a)(5), it is enough to establish non-dischargeability once the creditor proves that the debt in question is of the kind within § 523(a)(5). In contrast, under § 523(a)(15), even if a creditor proves that the debt is of a kind within § 523(a)(15), the debt may still be discharged if the debtor can prove that either the circumstances of subparagraphs (A) or (B) exist.

> The objecting creditor bears the burden of proof to establish that the debt is of the type excepted from discharge under § 523(a)(15). Once the creditor has met this burden, the burden shifts to the debtor to prove either of the exceptions to nondischargeability contained in subsections (A) or (B). The debtor must make these showings by a preponderance of the evidence.

Hart v. Molino (In re Molino), 225 B.R. 904, 907 (B.A.P. 6th Cir. 1998) (citations omitted).

Even if the Court were to hold that the attorney fees are not in the nature of "alimony to, maintenance for, or support" of Debra Angeli, and therefore not excepted from discharge under § 523(a)(5), the Court holds in the alternative that the attorney fees are still non-dischargeable under § 523(a)(15) because the Debtor has not met his burden of proof to show that either of the circumstances of § 523(a)(15)(A) or (B) apply in this case. Although the Debtor argues in his trial brief that § 523(a)(15)(A) applies because the schedules of assets and liabilities that he filed in his bankruptcy case do not reflect an ability to pay the attorney fees, the Debtor did not introduce any evidence into the record in this adversary proceeding from which this Court could find that the Debtor does not have the ability to pay the attorney fees from income or property of the Debtor not reasonably necessary to be expended for his maintenance or support. The only facts in the record before the Court in this adversary proceeding are those that were stipulated to by the parties either

---

[4] These two defenses under § 523(a)(15) were eliminated by BAPCPA for cases filed on or after October 17, 2005.

-9-

in the Joint Final Pre-Trial Order or in the separate "Stipulated Fact" filed by the parties on June 1, 2007. At the trial on May 30, 2007, the Court inquired numerous times of the parties if they had any additional facts that they wished to introduce into the record, either by way of live testimony or documents. Both parties declined the Court's invitation to put any other facts into evidence in the record and assured the Court that there were no further facts that needed to be in the record for the Court to adjudicate whether the attorney fees are non-dischargeable under either § 523(a)(5) or (a)(15). In short, the Debtor did not meet his burden of proof to demonstrate that the balancing test of § 523(a)(15)(A) renders the attorney fees dischargeable, assuming that the attorney fees are a debt of a kind within § 523(a)(15).

In sum, the Court agrees with the Plaintiff that the attorney fees are in the nature of alimony, support or maintenance and are therefore non-dischargeable under § 523(a)(5). In the alternative, the Court concludes that even if the attorney fees are a debt of a kind within § 523(a)(15), the Debtor did not meet his burden of proof to demonstrate that he would not be able to pay them from income or property not reasonably necessary to expend for his maintenance or support. For these reasons, the Court holds that the attorney fees of $26,000 constitute a non-dischargeable debt and the Court will render judgment for the Plaintiff in a separate order consistent with this opinion.

**NOT FOR PUBLICATION.**

**Signed on July 09, 2007**

                                          **/s/ Phillip J. Shefferly**
                                          **Phillip J. Shefferly**
                                          **United States Bankruptcy Judge**